Carole Hamm

| | |
|---|---|
| **From:** | Carole Hamm <carole███████@gmail.com> |
| **Sent:** | Friday, December 1, 2023 3:39 PM |
| **To:** | Schiller, Gregory (USAFLS) |
| **Cc:** | ████████████████████████████████ |
| **Subject:** | [EXTERNAL] Victim Impact Statement |

Dear Assistant U.S. Attorney Schiller,

Please read the following Victim Impact Statement at Mr. Michael Dolce's sentencing hearing on December 18, 2023.  Thank you again for your service, and your professionalism.  I have appreciated communicating with you and your efficient and empathic responses.

Dear Honorable Judge Donald M. Middlebrooks

I respectfully ask that Assistant U.S. Attorney Gregory Schiller read my Victim Impact Statement to this Honorable Court.

My daughter, McKenna Hopla, was sexually assaulted on September 19, 2021 just after turning 16 years of age.  This assault was video taped and it was clear that she was either drugged or intoxicated.  My husband and I gave careful and thoughtful consideration, focus and time in finding the right attorney for this matter. We believed that Mr. Dolce was that attorney.   Mr. Dolce assured us that he and his firm were the right attorneys to get this case prosecuted as the offender and his family are very politically connected in Collier County and the investigation was taking an unusually long time given the evidence presented.

We spent approximately 10 months with Mr. Dolce in the pursuit of justice for our daughter, McKenna.  One of the most egregious aspects was Mr. Dolce introducing another attorney into my daughter's case, his colleague and a much less experienced and ultimately not a good fit with us.  We didn't understand this at the time, but this inclusion was ill fated. My daughter placed an incredible amount of trust and hope in Mr. Dolce and his Associate, and their violation of this trust is reprehensible, and will negatively impact her the remainder of her life.

The statute of limitations was severely impacted, and reset 10 months of time and work requiring a whole new search for another attorney.  Based upon Mr. Dolce's failure to act and his preoccupation with child pornography, my daughter and her case suffered severely.  As a result, the statute of limitations will expire shortly, the offender may walk away, while continuing to prey on other young girls. My daughter suffers immensely and daily, and is now withdrawn and fearful of everyday interactions with males.

Mr. Dolce failed to protect my daughter, my family, and all those that will have a lifetime of suffering due to his malpractice (more importantly, we need to protect children from men like Mr. Dolce that prey on victims of child pornography).

I respectfully ask this court to protect the public from this predator and avoid similar (and worse) consequences to others.

Respectfully,

Carole Hamm