UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:23-CR-80063-DMM

UNITED STATES OF AMERICA,
    Plaintiff,

vs.

MICHAEL THOMAS DOLCE,
    Defendant.    /

## DEFENDANT MICHAEL DOLCE'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

COMES NOW the Defendant, MICHAEL THOMAS DOLCE, by and through his undersigned counsel, and respectfully submits these objections to the Presentence Investigation Report ("PSR"), and in support contends the following:

**First Objection:**

Mr. Dolce objects to the PSR's addition of four levels to the base offense level, pursuant to § 2G2.2(b)(4)(A)[1], for material alleged to portray sadistic or masochistic conduct or other depictions of violence. (DE 22:¶ 39) The PSR contends there are three (3) types of images that qualify for such an enhancement. (*Id.*, ¶ 31, 26(b))

---

[1] "If the offense involved material that portrays (A) sadistic or masochistic conduct or other depictions of violence; or (B) sexual abuse or exploitation of an infant or toddler, increase by 4 levels." U.S.S.G. 2G2.2(b)(4) (2023).

Overview of § 2G2.2(b)(4)A

The terms "sadistic," "masochistic" or "depictions of violence" are not defined by the federal sentencing guidelines. This circuit has consistently construed the term "sadistic", as used in § 2G2.2(b)(4)(A), as requiring a depiction of a young child engaged in a sexual act that would have to be painful. *United States v. Hall*, 312 F.3d 1250, 1261 (11th Cir. 2002) (citing *United States v. Garrett,* 190 F.3d 1220 (11th Cir.1999)). In *United States v. Bender*, 290 F.3d 1279 (11th Cir. 2002), *cert. denied,* 537 U.S. 1037, 123 S.Ct. 571, 154 L.Ed.2d 457 (2002), the Court held a photograph is "sadistic" when it depicts the subjection of a young child to a sexual act that would have to be painful, such as when very young children are vaginally or anally penetrated by adult males.

For example, pictures of minors in bondage have been deemed sufficient to warrant the sadistic conduct enhancement. *United States v. Caro*, 309 F.3d 1348, 1352 (11th Cir. 2002) ("the pictures depicted one child chained and some children bound. We have held that pictures of minors in bondage are sufficient to warrant the sadistic conduct enhancement.") In *United States v. Rogers*, 989 F.3d 1255 (11th Cir. 2021), the court reviewed whether an image depicting a child being choked was sufficient for the § 2G2.2(b)(4)(A) enhancement. The court in *Rogers* relied on the following definitions of the terms used in § 2G2.2(b)(4)(A), taken from various dictionaries.

> "Sadism" is defined as "the infliction of pain upon a love object as a means of obtaining sexual release," "delight in physical or mental cruelty," or "excessive cruelty." "Masochism" is defined as "a tendency to gain or to increase sexual gratification through the acceptance of physical abuse or humiliation." And finally, "violence" is defined in relevant part as the "exertion of any physical force so as to injure or abuse."

*Id.* at 1261–62 (internal citation omitted).

The Court's inquiry in resolving this issue is to objectively assess whether an image portrays sadistic or masochistic conduct or other depictions of violence. "Thus, the inquiry should focus on whether the image depicts conduct that an objective observer would perceive as sadistic, masochistic, or violent, rather than making 'subjective determinations about the thoughts or intentions of the specific individuals being depicted.'" *Rogers*, 989 F.3d at 1262 (quoting *United States v. Corp*, 668 F.3d 379, 389 (6th Cir. 2012)).

The Images Referenced In The PSR

The first image referenced by the PSR is of "a six to ten year old prepubescent girl appearing to push a lollipop into her vagina." (DE 22:¶ 31) The stem of the lollipop is being supported by a finger. The image does not depict the use of force or violence. The lollipop itself is not fully inserted. Rather, the convex top 10-15% of the lollipop is enveloped. There is no indication that such conduct caused pain, nor that such would necessarily cause pain.

The second image or images depict "a young naked girl (approximately ten years old) where her face is wrapped and covered by some article of clothing that is

3

blinding her." (DE 22:¶ 31) The images shown to the undersigned supporting the application of § 2G2.2(b)(4)(A) did not depict bondage nor the infliction of physical pain or abuse. The child in the image has a portion of her face covered by a piece of fabric, consistent with a towel or small blanket.

The third image depicts an "approximately ten-year-old girl with her finger just beginning to insert into her vagina." (DE 22:¶ 31) The image shown to the undersigned supporting the application of § 2G2.2(b)(4)(A) did not depict bondage or the infliction of physical pain or abuse. Rather, it appeared that the tip of the child's finger was being inserted by the child.

### Second Objection

Mr. Dolce objects to Paragraph 141 of the PSR, recommending for the defendant to "have no personal, mail, telephone, or computer contact with children/minors under the age of 18 or with the victims." (DE22:¶ 141) Mr. Dolce does not object to the application of such an order to any victims or even unrelated minors, *but does object* to any order preventing contact with his own minor child.

Mr. Dolce has a minor child and Dolce's relationship with his child is a protected liberty interest. *See, e.g., Quilloin v. Walcott,* 434 U.S. 246, 255, 98 S.Ct. 549, 54 L.Ed.2d 511 (1978). Mr. Dolce is not alleged to have had any untoward physical contact with any child, including his own; nor is he alleged to have created the images in this case or any other.

This Court may impose discretionary conditions of supervised release to the extent that such conditions (1) are reasonably related to (A) the nature and circumstances of the offense and the history and characteristics of the defendant; (B) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (C) the need to protect the public from further crimes of the defendant; and (D) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and (2) involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth above and are consistent with any pertinent policy statements issued by the Sentencing Commission. *See* 18 U.S.C. § 3583(d); U.S.S.G. 5D1.3(b).

For sex offenses, the guidelines policy statement recommends three special conditions for sex offenses: (1) participation in a program for the treatment and monitoring of sex offenders; (2) restrictions on computer usage, in cases involving computers; and (3) "[a] condition requiring the defendant to submit to a search, at any time, with or without a warrant ... of the defendant's person and any property ... upon reasonable suspicion concerning a violation of a condition of supervised release." *United States v. Ely*, 705 Fed. Appx. 779, 781 (11th Cir. 2017).

In *United States v. Hobbs*, 710 F.3d 850 (8th Cir. 2013), the court recognized that because the relationship between parent and child is a protected liberty interest an "individualized inquiry," and a "particularized showing" of need for a condition

limiting a defendant's contact with his/her own child. *Id*. at 853-4. In *Hobbs*, the court addressed an unpreserved objection to a special condition of supervised release permitting that defendant contact with his minor children but only with the approval of his probation officer. *Id*. at 853 ("The defendant shall have no contact, nor reside with children under the age of 18, including [his] own children, unless approved in advance by the U.S. Probation Officer in consultation with the treatment providers…")

The Court in *Hobbs* indicated it would agree with Hobbs' argument but for his history of alcohol abuse and the criminal history it contributed to.

> In our prior cases upholding this type of special condition, we agreed with the district court that the restriction was reasonably necessary to protect the public, and was not overly restrictive, because of the nature of the sex offense of conviction, or because of the defendant's history of sexual abuse of minors.[2] **If the proper focus is solely these risk-of-future-sex-offense factors, we agree with Hobbs that the record in this case does not reveal a "particularized need" for a restriction placing a probation officer's approval in the way of Hobbs reuniting with his family when his sentence has been served**. But the

---

[2] The court in *Hobbs* referenced the following cases. *See United States v. Simons,* 614 F.3d 475, 481–82 (8th Cir. 2010) (2 prior crimes against minor victims); *United States v. Stults,* 575 F.3d 834, 839 (8th Cir. 2009), *cert. denied,* —– U.S. ——, 130 S.Ct. 1309, 175 L.Ed.2d 1093 (2010) (prior conviction for sexual assault of a child); *United States v. Mark,* 425 F.3d 505, 507–08 (8th Cir. 2005) (prior "sexual exploration" of minor female family member); *United States v. Crume,* 422 F.3d 728, 733–34 (8th Cir. 2005) (mother, herself a prior victim, fearful defendant would molest his daughter); *United States v. Vick,* 421 F.3d 794, 795 (8th Cir. 2005) (condition "tailored to [defendant's] extensive history with minors") *See also United States v. Levering,* 441 F.3d 566, 568 (8th Cir. 2006) (childless defendant committed forcible sexual act on a minor)." *Id*. at 854 n.3.

> Probation Officer did not treat Hobbs as a typical sex offender. Rather, she based her sentencing recommendations in part on an extensive history of criminal convictions resulting from Hobbs drinking to excess *and* being a danger to the public when he does—one assault, two disturbing the peace, and two driving while intoxicated convictions—plus his failure to abstain from alcohol while on pretrial release.

*Hobbs*, 710 F.3d at 854 (emphasis added).

In *Ely*, the Eleventh Circuit Court of Appeals referenced *Hobbs* without adopting nor rejecting its holding, as the court reviewed that case for plain error since that defendant first argued the issue on appeal. The court in *Ely*[3] further commented that there was no binding authority from this circuit, nor the Supreme Court, or any rule or statute requiring an individualized inquiry. *Ely*, 705 Fed. Appx. at 781. Further, the court in *United States v. Schewe*, 603 Fed. Appx. 805, 811 (11th Cir. 2015), seemingly rejected applying a heightened scrutiny when considering a special condition that burdens a constitutional right. *Id*. at 812.

Other circuits recognize that greater justifications are required before imposing limitations on a defendant's relationship with a child and such could not be delegated to a probation officer. *See United States v. Bear*, 769 F.3d 1221 (10th Cir. 2014) (holding restrictions on a defendant's contact with his own children are

---

[3] The Defendant in *Ely* "was previously convicted of the possession of child pornography, as well as attempted child enticement, and the criminal conduct at issue in this case arose while Ely was on supervised release for those prior offenses. Thus, his status as a two-time sex offender who has violated supervised release before establishes a reasonable relationship between the condition and Ely's history and characteristics." *Id*. at 782.

7

subject to stricter scrutiny); *United States v. Worley*, 685 F.3d 404, 408 (4th Cir. 2012) ("if the evidence fails to show that the defendant poses a danger to his own child or loved one, a condition that limits access to those individuals is not reasonably necessary to protect those individuals or further the defendant's rehabilitation."); *United States v. Del Valle-Cruz*, 785 F.3d 48, 62–63 (1st Cir. 2015) (rejecting the imposition of a condition of release that placed the probation officer as the decision-maker as to whether the defendant could communicate with his minor child); and *United States v. Voelker*, 489 F.3d 139, 154 (3d Cir. 2007) (rejecting the delegation to the probation officer any decisions as to whether a defendant could see his own minor children.)

Notwithstanding, the justification for an inquiry tailored to the facts of the case and the defendant's personal history are inherent in the mandate that conditions of release involve no greater deprivation of liberty than reasonably necessary, 18 U.S.C. § 3583(d)(2), and that in determining a sentence, the court shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C.A. § 3553(a)(1).

Mr. Dolce has no criminal history. There are no facts in this case or otherwise that indicate Mr. Dolce poses a danger to his own child. Mr. Dolce seeks to maintain unfettered contact with his minor child and asks this Court to exempt his child from any order limiting or prohibiting contact with minors.

WHEREFORE, the Defendant requests that his objections be sustained, that the offense levels in the PSR be recalculated to remove the § 2G2.2(b)(4)(A) 4-level enhancement, and to permit contact with his child during supervised release.

Respectfully submitted,

　/s/ Leonard Feuer　　　
LEONARD FEUER, ESQUIRE
Florida Bar No.: 501751
Leonard Feuer, P.A.
500 S. Australian Avenue, Suite 500
West Palm Beach, FL 33401
Telephone:  (561) 659-1360
Fax:             (561) 249-4100
lfeuer@feuerlawfirm.com

## CERTIFICATION OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished this 6th day of December 2023 by ECF/CM to all parties hereto.

　/s/  Leonard  Feuer　　
LEONARD FEUER, ESQUIRE
Florida Bar No.: 501751