UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-80063-CR-DMM

UNITED STATES OF AMERICA,
                    Plaintiff,

vs.

MICHAEL THOMAS DOLCE,
                    Defendant.
_____/

**GOVERNMENT'S RESPONSE TO THE DEFENDANT'S OBJECTIONS TO
PRESENTENCE INVESTIGATION REPORT**

The government herein responds to the defendant's objections to the presentence

investigation report (DE 26), and states as follows:

I.    <u>**Special Offense Characteristic Objection**</u>

The Probation Department added four (4) offense levels to the defendant's sentencing

guideline pursuant to special offense characteristic (SOC) § 2G2.1(b)(4)(A), as several of the

images portray sadistic or masochistic conduct or other depictions of violence.  PSR ¶ 31, 26(b).

The defendant objected.  DE 26.

The defendant possessed nearly 2000 images and videos of child pornography on his

laptop, viewing the same at the time law enforcement executed a search warrant at the defendant's

residence.   The following three images, as quoted from the PSR, are the basis for the §

2G2.1(b)(4)(A) SOC, which the defendant contends should not qualify:

a.  Image features an up-close shot of the vagina of a prepubescent girl, apparent
    approximate age between six and ten years old. The prepubescent girl appears
    to be pushing a lollipop into her vagina. PSR ¶26(b).  Hereinafter referred to as
    "**Image A**".

    b. Image[] of a young naked girl (approximately ten years old) where her face is wrapped and covered by some article of clothing that is blinding her. PSR ¶31. Hereinafter referred to as "**Image B**".

    c. [I]mage of another approximately ten year old girl with her finger just beginning to insert into her vagina. PSR ¶31. Hereinafter referred to as "**Image C**".

There is also a fourth image that is not included in the PSR.  In a particular image, two pre-pubescent naked girls are photographed in which their gentalia is the focal point of the image.  The girl on right appears freighted by the girl on the left.  The girl on the left, is holding a knife in her hand towards the girl on the right.  The girl on the left appears to have small blood marks on her leg. Hereinafter referred to as "**Image D**".

Context is everything. And these images "involved material that *portrays* <u>sadistic or masochistic conduct</u> or other <u>depictions of violence.</u>"

There is no bright-line test as to what is sadistic or masochist conduct for the purposes of including the special offense characteristic in 2G2.1(b)(4)(A) as the guidelines themselves are silent on the issue.  Courts throughout the Federal Districts have dealt with the issue.  The Eighth Circuit, for example "has created a bright-line rule that any penetration of a minor is sufficient to warrant the enhancement." *United States v. Starr*, 533 F.3d 985, 1001-02 (8th Cir. 2008) (finding self-penetration by 17-year-old supported enhancement).  The *Starr* Court held that "[g]iven the plain meaning of 'violence,' it is difficult to imagine that the sexual penetration with a foreign object of a minor female would not qualify as 'violence' even if self-inflicted." *Starr*, 533 F.3d at 1001–02 (8th Cir. 2008) *citing United States v. Parker*, 267 F.3d 839, 847 (8th Cir. 2001); *see also United States v. Schnekenburger*, 788 Fed. App'x 1044, 1044-45 (8th Cir. 2020) (upholding the enhancement for sadistic or masochistic conduct where the 15-year-old victim inserted "a foreign object into her vagina and anus"); *United States v. Vogelpohl*, 827 F. App'x 621, 622 (8th Cir.

2020) ("at Vogelpohl's request, the [14 to 15-year-old] victim sent videos and pictures of herself inserting her finger into her vagina and anus and a mascara applicator into her vagina. The district court did not err in finding this was sadistic or masochistic conduct or other depictions of violence." (Internal quotes omitted)). Even in non-penetration sexual positions, Courts have upheld the use of the special offense characteristic.  In *United States v. Raplinger*, 555 F.3d 687, 694 (8th Cir. 2009) a 15-year-old victim was photographed sexually wearing handcuffs. The defendant argued they were toys and done voluntarily, the Court included the SOC as it "applies to material *depicting* sadistic, masochistic, or violent conduct even if those pictured were not truly engaging in painful activities."

The Seventh Circuit has held that where, "the district court's conclusion that the victim may not have suffered any pain and the fact that she inserted the screwdriver herself do not preclude a finding that the image is nonetheless sadistic or violent in nature."  *United States v. Johnson,* 784 F.3d 1070, 1075 (7th Cir. 2015). Thus, a victim who is being directed on how to act which may not seem painful is sadistic or violent when it is intended or portrayed (as the SOC contemplates) to be.

The Eleventh Circuit affirmed the enhancement for an image showing insertion of a toothbrush into a 14-year-old girl, done at the defendant's request.  *United States v. Sanchez*, 30 F.4th 1063, 1075 (11th Cir. 2022). (DE 30:4).  In that case the Court noted that the child "told Sanchez that inserting the toothbrush would be painful, to which he responded that he 'like[d] seeing [her] in pain.' Which at least implicitly acknowledged it would be painful."  *Sanchez*, 30 F.4th at 1075.  To this the Court commended, "[a]n objective viewer could reasonably find that it was painful and humiliating."  *Id.*  In citing to *Starr* and *Johnson, supra*, the Eleventh Circuit was not saying that the victim's comments were the basis of the finding that the image was sadistic and

masochistic, and thus the increase should apply.  *Sanchez* and his victim's comments only *implied* it would be painful.  In the end, it comes down to the image itself.  The SOC only applies if the "offense involves material that *portrays (A) sadistic or masochistic conduct* or other *depictions of violence."*  2G2.2(b)(4)(A) (italics added).  The defendant's use of the material is irrelevant. 2G2.2, App. N. 3.  And because the USSG do not define sadism, masochism or violence, we turn to the dictionary for assistance:

> Merriam-Webster defines "**sadistic**" as "of or characterized by sadism." Sadistic, *Webster's Third New International Dictionary Unabridged* (2005), https://unabridged.merriam-webster.com/unabridged/ sadistic (last visited March 8, 2021). "**Sadism**" is defined as "the infliction of pain upon a love object as a means of obtaining sexual release," "delight in physical or mental cruelty," or "excessive cruelty." Sadism, *Webster's Third New International Dictionary Unabridged*, https://unabridged.merriam-webster. com/unabridged/ sadism (last visited March 8, 2021).
>
> "**Masochism**" is defined as "a tendency to gain or to increase sexual gratification through the acceptance of physical abuse or humiliation." Masochism, *Webster's Third New International Dictionary Unabridged*, https://unabridged.merriam-webster.com/unabridged/ masochism (last visited March 8, 2021).
>
> "**Violence**" is defined in relevant part as the "exertion of any physical force so as to injure or abuse." Violence, *Webster's Third New International Dictionary Unabridged*, https://unabridged. merriamwebster.com/unabridged/violence (last visited March 8, 2021).

In *United States v. Rogers*, 989 F.3d 1255, 1262 (11th Cir. 2021), the District and Circuit Courts viewed the image and determined it *portrayed* a minor being choked, holding, "[t]he question of whether an image portrays sadistic or masochistic conduct or other depictions of violence is strictly an objective inquiry".  Sadistic conduct exists where "(1) the minor in the image is a young child and (2) the image portrays vaginal or anal penetration of a young child by an adult male."  *United States v. Hall*, 312 F.3d 1250, 1263 (11th Cir. 2002).  The same applies for Masochism.

To be clear though, sadism does not necessarily require violent conduct.  "[S]adistic and masochistic conduct includes sexual gratification, which is purposefully degrading and

humiliating, conduct that causes mental suffering or psychological or emotional injury in the victim." *United States v. Turchen*, 187 F.3d 735, 739 (7th Cir.1999) (picture of adult males urinating on the face of a grimacing child were sadistic). *See also United States v. Wolk*, 337 F.3d 997, 1007–08 (8th Cir.2003) (pictures of young girl in a collar were sadistic; *United States v. Lyckman*, 235 F.3d 234, 239 (5th Cir.2000) (photographs depicted conduct that "caused the children pain, physical or emotional or both"); *United States v. Hoey*, 508 F.3d 687, 692 (1st Cir.2007) (even if the image depicted only the moment and not the consummation of actual penetration, "the conduct is sadistic"; attempted penetration combined with the young child's pained expression is sufficient).

In the case at bar, **Image A**, evidence a child pushing a round lollipop, larger than the child's vagina inside herself. The lollipop has not been fully inserted, but a portion of the lollipop is inserted into this very young child. As the child is young, any insertion of any object would necessarily be sadistic, masochistic, or violent. The defendant offers that "[t]here is no indication that such conduct caused pain, nor that such would necessarily cause pain." But this argument ignores the SOC, which is applied so long as the material "*portrays* sadistic or masochistic conduct or other depictions of violence." The image need not *be* painful or *indicate* that pain occurred, just that said sadistic or masochistic acts be "portrayed." Similarly, **Image C** evidences a very young child inserting her own finger into her vagina. This *portrayal* of vaginal penetration on a very young child, is as our Courts have said, sadistic or masochistic.

**Image B** portrays a masochistic image of a young naked girl with her face wrapped, multiple times by a thick knitted scarf. The intent of this image to stimulate a viewer who is sexually aroused by the *portrayal* of asphyxiation, suffocation, or difficulty breathing, of a young child. In fact, the defendant possessed a series of images taken from different angles and poses of

this same girl all while the portrayal was asphyxiation.  As this image portrays "a tendency to gain or to increase sexual gratification through the acceptance of physical abuse or humiliation" and thus is masochistic, the SOC applies. In *United States v. Caro*, 309 F.3d 1348 (11th Cir. 2002) the Court held that the image of a nude girl with a collar chained around her neck and other restraining devices on her body constituted the sadistic and masochistic enhancement.

Finally, **Image D** portrays a depiction of violence.  The image portrayals is that of an assault with what appears to be a dangerous weapon between two naked, pre-pubescent girls.  This is clearly what the SOC considered when including violence in the guidelines.

In the abundance of caution, the government would offer that the Court review the images to determine if they in fact display sadism, masochism, or violence, objectively.[1]  The government would offer that they in fact do, and the 2G2.1(b)(4)(A) enhancement should apply.

## II.    <u>Supervised Release Condition Objection</u>

The defendant objects to this restriction to the extent that it prohibits him from having supervised contact with his son. The government offers that the ban is appropriate with the modification that contact be allowed with his biological son *so long as* the probation officer and the Court approve. In *United States v. Mickelson*, 433 F.3d 1050 (8th Cir. 2006), the defendant challenged a no-contact condition based upon his lack of prior sexually based offenses with minors. The Court, however, found that some of the defendant's child-pornography images "depicted children under the age of 12 and sadistic or masochistic violence." *Id*. at 1051.  The lack of physical abuse was not decisive, "for requiring prior approval before a convicted sex offender has contact with minors is a reasonable means of ensuring that such contact remains appropriate."

---

[1] The government will make the images available to the Court for viewing, either with counsel, or in-camera, at the Court's convenience and offer the material as exhibits under seal at the time of sentencing.

*Id*. at 1057. The Court explained that refusal to incorporate a blanket exception for the defendant's grandchildren or other family members was not unreasonable given that most sexual abuse of children takes place at the hands of family members or friends.  *Id*. (citing Michele L. Earl--Hubbard, The Child Sex Offender Registration Laws, 90 Nw. U.L.Rev. 788, 851--52 (1996) (noting that as many as 92 percent of reported incidents of child molestation are committed by family members or friends of the victim)).

The government proposes a middle ground for compromise on this matter: that the defendant's child's mother be sworn under oath at the sentencing or separate hearing to her desire to have their child to have contact with the defendant; that if the Court approve such contact after taking testimony, it be subject to probation re-evaluating the defendant for such contact upon his beginning supervised release; and, the condition being subject to modification by the Court. Making a special condition subject to the probation officer's or Court's approval is a "relatively narrowly-tailored condition" that prevents a restriction from being "overly broad." *Zinn*, 321 F.3d at 1092.  *See United States v. Schewe*, 603 F. App'x 805, 811 (11th Cir. 2015) (denying claim that defendant obtain probation officer's permission to visit his son violated his constitutionally protected liberty interest in the care, custody, and management of his son, where sentencing court had emphasized the defendant's history and characteristics and the need to prevent future crimes that could put his son at risk); *See United States v. Wiedower*, 634 F.3d 490, 498 (8th Cir. 2011) ("in coming to our decisions [relating to prohibitions on contacting minors], we found it important that the prohibitions were not absolute, in that the defendant could always seek prior approval from the probation office to contact minors ...."); *Mickelson*, 433 F.3d at 1057 (the defendant "has not been forbidden from seeing his grandchildren or any other family member; he is merely required to seek prior permission"); *United States v. Widmer*, 785 F.3d 200, 209 (6th Cir. 2015) ("Widmer

is not without recourse if he believes that future circumstances warrant reevaluation of this special condition. Widmer may petition the district court to modify or reduce the conditions of his supervised release, and the district court has the discretion to do so at any time prior to the expiration or termination of the term of supervised release") (internal quotation marks and alterations omitted).

We do not know whether the defendant's probation officer will approve of his contact with his child or under what circumstances.  We also do not yet know what effect mental-health counseling, jail and other conditions might have on the defendant; that too presumably will affect whether the probation officer approves of contact, and it presumably will affect whether this Court might modify that condition to except the defendant's own child.  But this Court's decision to impose this protective condition on a defendant does not seriously affect the fairness, integrity, or public reputation of the judicial proceedings.

<div style="margin-left: 40%;">

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY


By:   _s/Gregory Schiller_____
Gregory Schiller
Assistant United States Attorney
Florida Bar No.
500 S. Australian Ave., Suite 400
West Palm Beach, FL 33401
Tel: (561) 209-1045
Email: gregory.schiller@usdoj.gov

</div>

## **<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on December 8, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

s/*Gregory Schiller*
Gregory Schiller
Assistant United States Attorney