← Back

# FOR ABUSE VICTIMS, IT'S NEVER TOO LATE

*By Joel Engelhardt    March 13, 2007    Publication: Palm Beach Post, The (FL)    Page: 12A    Word Count: 728*

Five years ago last week, Anthony J. O'Connell resigned in disgrace as bishop of Palm Beach. He had sexually abused boys. It had happened so long ago that he no longer faced criminal charges. He would step down, however, from the Palm Beach Diocese, which he had been asked to heal after another bishop resigned under similar circumstances. Three months later, the nation's Catholic bishops established a "zero-tolerance" policy for sex abuse by clergy. Even though the Vatican watered down their work, the bishops succeeded in clearly pronouncing their distaste for the sexual abuse scandals that had cost their institution millions in settlements and an immeasurable loss of faith from their followers.

Michael Dolce, a lawyer in Palm Beach Gardens, is a survivor of abuse. It happened a long time ago. He was 7. The "perpetrators," as he calls them, were two men in his Baltimore neighborhood, a father and his teenaged son. They threatened the 7-year-old boy with a gun if he told anyone anything about what they did to him. He didn't tell.

Mr. Dolce grew up with that. He was withdrawn, a loner. But he excelled in school. He graduated from high school early, went to college and earned a law degree in Florida. In his

late 20s, he began therapy.

If Michael Dolce had been abused in Florida, it would have been too late by that time to do anything about his abuse. The perpetrators would have escaped legal consequences when the statute of limitations expired four years after his 18th birthday.

Recently, the Legislature erased the statute of limitations for sexual abuse of children younger than 13, such as Michael, but not for past crimes. And legislators left intact the rule for abuse of children aged 13 to 18; once they turn 22, no criminal charges. The law gives victims until the age of 25 to sue.

Too often, Mr. Dolce says, the public is told that abuse charges are too old and that perpetrators must go free because the statute of limitations has expired. He wants that changed. A few years after law school, Mr. Dolce went to work as an aide to then-state Sen. Skip Campbell, D-Coral Springs. In 2004, after returning to private practice, Mr. Dolce proposed a bill.

The bill would create a unique floating statute of limitations for sex abuse crimes. The four-year period wouldn't begin at the arbitrary date currently set in Florida law. It wouldn't be raised to some arbitrary figure, such as 30, as in Pennsylvania. It would be based on the victim's ability not just to recall the horrific crime but to deal with long-repressed memories. Victims would have to be ready to confront their attacker. That timing would be determined by the victim's doctor.

Michael Dolce found sponsors for his bill in 2004, 2005 and 2006, but it didn't go anywhere. It encountered stiff opposition from the Catholic Church. It's not that the Florida Catholic Conference doesn't feel sympathy for victims of abuse, the conference wrote Mr. Dolce in 2004. In fact, the conference has no problem with extending the statute of limitations for

criminal charges. It's just that the conference is worried about civil liability "30, 40 or even more years after an alleged act underlying the suit took place."

"The provisions in the bill," wrote conference Executive Director Michael McCarron, "do not encourage the prompt reporting of abuse."

Michael Dolce has a problem with that. If the church does what it says it will do and promptly reports abuse, it won't be liable 40 years later. And in its sympathy for victims, it must understand that in most cases victims cannot come forward immediately.

"A survivor," Michael Dolce said, "needs time to get to a safe place. Put that against an arbitrary deadline in a state statute and it just doesn't make sense."

You'd think that the Catholic Church, an institution that should itself be seeking healing, would understand. If zero-tolerance really were the policy, the church would back Michael Dolce's proposal - House Bill 1081 and Senate Bill 2246. Five years after Bishop O'Connell, it's time for the church to do anything it can to put its own trauma behind.

Last week, I mistakenly wrote that no Loxahatchee Groves candidates, speaking at a nudist colony, supported a top-free town. Two did. What the candidates opposed was total nudity in town.

Joel Engelhardt is an editorial writer for The Palm Beach Post. His e-mail address is joel_engelhardt@pbpost.com

**Palm Beach Post, The (FL)**

**Date:** March 13, 2007

**Page:** 12A

Copyright (c) 2007 Palm Beach Newspapers, Inc.

Case 9:23-cr-80063-DMM   Document 30-1   Entered on FLSD Docket 12/13/2023   Page 5 of 19

South Florida Sun-Sentinel
https://sun-sentinel.newspapers.com/image/285617103

South Florida Sun Sentinel (Fort Lauderdale, Florida) · Thu, Apr 12, 2007 · Page 11
Downloaded on Dec 11, 2023

# One victim's quest: Extending time to name abusers

Michael Dolce was 7 years old, riding his bicycle in his suburban Baltimore neighborhood when he fell and scraped his arm and knocked on a neighbor's door for help.

He still has the scar near his right elbow.

And other scars, far more damaging.

Because when he walked into that house, he entered a hell.

The neighbor and his teenage son tied Dolce up and sexually abused him, Dolce says. Then threatened him at gunpoint not to tell a soul.

"I couldn't speak," says Dolce, who has grown up to be a conservatively dressed lawyer in an upscale office in Palm Beach Gardens.

"It was the most terrifying thing in my life."

He was abused twice more by this sick pair, whom he won't name for legal reasons.

He told no one, and numbly went on with his life, burying his hurt and his terror for 20 years, through college and law school and marriage — telling himself, when the incidents came to mind, that he must be imagining things.

But when he became a parent himself, the truth wouldn't hold itself back any longer. Like it or not, he had to confront his memories.

That was 10 years and $80,000 worth of therapy ago.

Dolce, 37, a father of two, now works to help other victims.

"A lot of people helped me," he says, "so I felt a lot of responsibility to help people back."

A couple of weeks ago, he stood in front of the state Senate's Criminal Justice Committee in Tallahassee.

Bravely, he told the panel he is a survivor of child sexual battery. And he urged support for a bill he has written that would make it easier for victims to get justice by extending the time limit on bringing charges.

"I doubt that Michael could have gotten up and spoken a few years ago," says Sen. Jeremy Ring, D-Parkland, who is sponsoring the bill for Dolce, "because he wasn't in an emotional state to do it."

And that "speaks exactly to why this bill is needed."

Under current law, there's no statute of limitations on capital, life or first-degree felonies of child sexual battery. But there are time limits for sexual battery on children between age 12 to 18 not involving physical force or violence.

In civil cases, most victims must sue by age 25, even sooner if they were emancipated minors when molested.

Dolce, for one, couldn't confide in his father until he was in his late 20s. One of his dad's first questions: Can you sue those guys and at least recover the costs of therapy?

No. Too late. In Maryland, the cutoff age was 21.

In general, time limits are meant to prevent endless and unfair accusations, but the effect here is to hurt the victims. The psychic injuries to a raped child can take years to heal. Even when memories emerge, it can be harmful to go public or confront a perpetrator before a victim is ready to handle it.

Under Dolce's bill, the clock on filing claims wouldn't start until a victim is able to deal with long-suppressed memories and is ready to confront the abuser. A doctor would say when the time is right.

The Criminal Justice Committee voted 7-0 to move the bill along. But the measure's chances of becoming law this year are only 50-50, Ring figures.

Dolce, who used to be an aide to former state Sen. Skip Campbell, D-Coral Springs, introduced similar bills in each of the last three years. But so far, no change in law.

Stiffest opposition came from the Catholic Church, whose officials expressed worry about liability from incidents that might have occurred decades ago. Dolce says his bill would apply only to crimes committed in the future.

It's too bad that the church, which has pledged to clean up its act on sexual predators, is standing in Dolce's way.

Dolce wasn't molested by a priest. He teaches Sunday school. His older brother is a Benedictine monk.

To push for this thing, he has driven to Tallahassee four times already this year, paying his own way. He sends messages to church representatives to try to negotiate their differences. But he hears little back.

He won't give up.

"I have," he says, "survived much worse than this."

*Howard Goodman can be reached at hgoodman@sun-sentinel.com or 561-243-6638.*



**HOWARD GOODMAN**
COMMENTARY

Copyright © 2023 Newspapers.com. All Rights Reserved.

Case 9:23-cr-80063-DMM   Document 30-1   Entered on FLSD Docket 12/13/2023   Page 6 of 19

South Florida Sun-Sentinel
https://sun-sentinel.newspapers.com/image/285630133

South Florida Sun Sentinel (Fort Lauderdale, Florida) · Sun, Apr 22, 2007 · Page 22
Downloaded on Dec 11, 2023

## Statutes of limitations apply too soon for some victims

**HOWARD GOODMAN**
COMMENTARY

Jeffrey Smith was just 10 years old when the abuse started, 13 when it ended.

But the impact only grew.

His mother first saw bad signs when her son was 17 and on an overnight trip with the Civil Air Patrol. Instead of sleeping outside, he locked himself in a car.

He was afraid to be out there with the other boys, even though the abuse had taken place years before, by a man who taught an after-school class he no longer attended.

She watched her only son grow fascinated with knives and guns. With being tough.

"He never wanted anyone around to hurt him."

At college, Florida State, he began showing serious signs of mental unbalance.

"He'd call me at 2 and 3 in the morning, in tears, saying, 'I don't want to live anymore,'" his mother says.

Twice he tried to kill himself. One night he put a gun to his head and police temporarily committed him.

Increasingly, he linked his problems to the sex abuse.

"By then," she says, "the statute of limitations was gone and there was nothing he could do to the man. I know he called him once and confronted him, and the guy denied doing anything to him at all."

With meds and therapy, Smith managed to graduate. But little things made him boil. He couldn't hold onto a job or a relationship.

He left a job in South Carolina to move back home at 31. His girlfriend stayed behind. He became more depressed than ever.

On Christmas Eve, 2001, he drove back to Carolina to find her. He found her with somebody else.

"He had a gun," his mother says, "and he shot himself in the heart. And that was the end of his story."

This isn't a column about mental illness and guns and college, though that's certainly timely enough. This is about a young man's deterioration and a mother's grief and a continuing injustice: that the man they held responsible for much of their misery is beyond the reach of the legal system.

Patty Robinson now channels her pain and anger into an effort to help Florida child-abuse victims bring charges against, or sue, their abusers.

I've written about the bill devised by Palm Beach Gardens attorney Michael Dolce, himself a victim of child sex abuse. If passed, the time limit on charges would start ticking, not right after a crime was committed, but after a doctor says it is safe for a victim to come forward and confront the abuser.

It's needed because the young victims often don't face up to their personal horror for years.

I'm sorry to report the bill looks dead. Sen. J. Alex Villalobos, R-Miami, won't bring it before the Senate Judiciary Committee he leads. "He doesn't believe in extending the statute of limitations," says the bill's sponsor, Sen. Jeremy Ring, D-Parkland.

The Catholic Church, fearing potential liability (though it had nothing to do with Dolce's or Smith's cases), has been the biggest opponent. But Ring doubts the church's clout was crucial. Villalobos "just has a philosophical position," Ring said.

Villalobos couldn't be reached for comment or clarification Friday, despite a message left at his office.

To be sure, we don't want to encourage false accusations years after the truth can be proved. But here's an instance where the statute of limitations aids the crime. It's deeply unfair to give a creep a pass because he has scared his victim into silence or committed an act so jarring the mind can't process it.

I spoke with a man, a public-safety employee in his 40s, who was abused by the same teacher. He didn't want his name used. "That will ruin my career," he said.

He, too, tried suicide. Went through years of therapy.

Only after Smith's suicide did he decide to act.

He reported the teacher. But the cops couldn't do anything, he said. Statute of limitations.

Eventually, he said, he and another victim confronted the guy. And told parents what he'd done. The guy was forced to quit.

"Jeff," he said, "was a damned good kid."

It galls Robinson that the man is walking free.

"I feel like this guy killed my son," she said. "There's no statute of limitations for murder and I don't think there should be for child abuse either."

*Howard Goodman can be reached at hgoodman@sun-sentinel.com or 561-243-6638.*

Copyright © 2023 Newspapers.com. All Rights Reserved.

Case 9:23-cr-80063-DMM   Document 30-1   Entered on FLSD Docket 12/13/2023   Page 7 of 19

South Florida Sun-Sentinel
https://sun-sentinel.newspapers.com/image/286216040

South Florida Sun Sentinel (Fort Lauderdale, Florida) · Thu, Mar 12, 2009 · Page 10
Downloaded on Dec 11, 2023

# Jury: Pedophile must pay victim $19 million

**By Dianna Cahn**
STAFF WRITER

A pedophile who was convicted of sexually abusing a Jupiter girl from the time she was 3 years old until she was almost 9 must pay her $19.2 million in restitution and damages, a jury decided Wednesday.

Tim Crowe was convicted in 1995 of abusing the girl and sentenced to 17 years in prison. He was released on parole in 2002 as a registered sex offender.

His victim, now in her 20s, is in treatment that is expected to continue all her life, according to her attorney, Michael Dolce.

The jury awarded the woman, identified only as Jane Doe, almost $1 million for future medical treatment and more than $18 million for past and future anguish, pain and suffering caused by the attacks.

Crowe, who will be 68 next week, lives in Miami Beach, according to the Florida Department of Law Enforcement.

Dolce said in a statement he doubts Jane Doe will ever see much of the money. But she achieved her main goal of trying to inspire other child victims of sex abuse to speak out against their abusers, he said.

Dianna Cahn can be reached at dcahn@SunSentinel.com or 561-243-6645.



**Tim Crowe** was convicted in 1995 of sexually abusing a child. He was released on parole in 2002.

Copyright © 2023 Newspapers.com. All Rights Reserved.

← Back

# JURY ORDERS SEX OFFENDER TO PAY VICTIM $19 MILLION

*By SUSAN SPENCER-WENDEL, Palm Beach Post Staff Writer    March 12, 2009*
*Publication: Palm Beach Post, The (FL)    Page: 5B    Word Count: 216*

A jury Wednesday ordered a registered sex offender to pay more than $19 million to a woman who says he repeatedly sexually abused her as a child. The woman's attorney, Michael Dolce, said Timothy Crowe of Miami Beach molested her in Jupiter an estimated 400 times when she was between 3 and 9 years old. Dolce said the jury's damages award would help pay for significant medical treatment.

"You can imagine the psychological and psychiatric damage runs very, very deep," Dolce said. "She still is suffering severely."

Realistically, Dolce expects to recover only a portion of the verdict from Crowe.

"He did a lot more damage than he can afford," he said.

The verdict came after a 2 1/2-day trial. Neither Crowe nor an attorney representing him

showed up in the courtroom, Dolce said.

Crowe could not be located for comment.

According to the Florida Department of Law Enforcement, the registered sex offender lives on Collins Avenue in Miami Beach, an upscale area of the city.

According to the Florida Department of Corrections, Crowe was sentenced to 17 years in prison in 1995 for sexual battery on a child and was paroled in 2002.

Dolce said his client's lawsuit was not about money.

"She came to reclaim the voice she was deprived of as a child. It was a real affirmation for her," the lawyer said.

~ susan_spencer_wendel@pbpost.com

**Palm Beach Post, The (FL)**
**Date:** March 12, 2009
**Page:** 5B
Copyright (c) 2009 Palm Beach Newspapers, Inc.

← Back

# GIVE ABUSE VICTIMS MORE TIME

*July 11, 2009    Publication: Palm Beach Post, The (FL)    Page: 12A    Word Count: 397*

Michael Dolce, a victim of childhood sexual abuse, is convinced that members of the Florida Legislature want to help children who are victims of sexual abuse. He's also convinced that they never will. For five years, Mr. Dolce, a former legislative aide, has lobbied for a bill that would extend the statute of limitations for criminal charges and civil payouts long after a child underwent the trauma of sex abuse. Years or even decades after they grow up, many victims can't confront what happened to them. Current law doesn't give them the luxury of waiting.

So Mr. Dolce, a Palm Beach Gardens lawyer, is taking his cause to the voters. He will petition to place on the ballot a constitutional amendment that would erase the statute of limitations, both civil and criminal, for any "crime involving sexual battery" against children younger than 16. He'll need at least 700,000 signatures but that, he said, is more likely than obtaining majority votes of both houses of the Florida Legislature.

The problem hasn't been that legislators won't vote for his bill. It has passed many committees over the years. The problem is getting his bill heard. The obstacle, Mr. Dolce says, is the Catholic Church, which has paid millions to settle sex abuse claims against priests.

Even after Mr. Dolce proposed bills that would not be retroactive, meaning the church wouldn't have to pay for past sins, the church refused to drop its opposition. As a result, the bills went nowhere. In an interview with The Post's Dara Kam, Michael McCarron, executive director of the Florida Catholic Conference, said his group doesn't oppose lifting the time constraints on criminal prosecutions, but would support the civil cases only against the abuser themselves.

That's not good enough. On an issue that causes so much spiritual pain, the church needs to take a leadership role. With its history of overlooking abuse by shuffling priests from parish to parish and its recent claims that those days are over, the church is missing an opportunity to back up its high-minded words.

Aside from his nowhere-else-to-turn argument, Mr. Dolce makes a good case that his proposal would grant rights that are otherwise denied, rather than take rights away, as did last year's anti-gay marriage amendment.

It's disappointing that Mr. Dolce's just cause made no headway in the Legislature. Florida citizens deserve the chance to show legislators how wrong that is.

* Dolce's site: Protectourkidsfirst.org

**Palm Beach Post, The (FL)**
**Date:** July 11, 2009
**Page:** 12A
Copyright (c) 2009 Palm Beach Newspapers, Inc.

Miami Herald
https://miamiherald.newspapers.com/image/659456419

The Miami Herald (Miami, Florida) · Tue, Apr 27, 2010 · Page 1
Downloaded on Dec 11, 2023

## FLORIDA LEGISLATURE | CHILD WELFARE

# Time limits will end to file sex-abuse cases

■ Despite concerns expressed by the Roman Catholic Church, the Legislature approved doing away with a statute of limitations on sex-abuse cases involving kids.

**BY JOHN FRANK**
Herald/Times Tallahassee Bureau

TALLAHASSEE — Michael Dolce took 20 years to tell his story. And by then it was too late.

The neighbor who raped him at age 7 never saw a courtroom because the time limit to file a case expired.

"I was absolutely terrorized," said Dolce, 41, a Royal Palm Beach attorney. "And it took a long time to get to a place in recovery where I could even say the name of the man who did this to me."

Dolce began telling lawmakers this story six years ago, and it was recounted one final time Monday as the House and Senate unanimously approved a measure to eliminate time limits for filing criminal and civil cases for sex crimes involving children.

The effort has met resistance for years from the Roman Catholic Church.

•TURN TO STATUTE, 2A

Copyright © 2023 Newspapers.com. All Rights Reserved.

Miami Herald
https://miamiherald.newspapers.com/image/659456430

The Miami Herald (Miami, Florida) · Tue, Apr 27, 2010 · Page 2
Downloaded on Dec 11, 2023

FLORIDA LEGISLATURE | CHILD WELFARE

# Legislature lifts time limit for sex-abuse cases

*STATUTE, FROM 1A

Amid the widening sex-abuse scandals involving some clergy members, the Florida Catholic Conference quietly worked this year to defeat the bill.

Mike McCarron, a lobbyist for the Catholic Conference, said the church does not want to limit criminal cases, but is concerned about the possibility of defending civil lawsuits seeking thousands of dollars in damages decades after the incidents took place.

"There will be instances where the institution is not aware of any abuse, and they will have to defend it anyway," McCarron said.

Given the timing, McCarron acknowledged the negative perception of the Catholic Church fighting the legislation. His group never testified against the effort, but sent letters to Senate President Jeff Atwater, R-North Palm Beach, and sought to amend it.

"You don't want to look as if you don't care about children," McCarron said. "We do care deeply about children."

He said the scandal is "the foremost concern" for the church, as demonstrated by the Vatican's recent actions. "You can look at what the church has done to protect children," he said.

Under current Florida law, a child who is a victim of certain sex crimes can press criminal charges only until age 21. The statute of limitations in a civil case against the perpetrator typically expires after age 25, and one against an institution four years after the incident. Current law already has no statute of limitations for children younger than 12.

The legislation (HB525), while too late for victims like Dolce, makes it easier for future victims to seek justice in a courtroom and recover dam-



ADVOCATES: Michael Dolce and Lauren Book-Lim, who were abused as children, track changes in the Senate Monday.

STEVE CANNON/AP

ages.

Gov. Charlie Crist said recently he would sign it into law.

"This is one of the major undone pieces in regard to the state addressing the needs of sexual-violence victims," said Terri Poore, a lobbyist for the Florida Council Against Sexual Violence.

The bill won approval this year with help from victims like Dolce and Lauren Book-Lim, the 25-year-old daughter of lobbyist Ron Book.

Book-Lim, who recently completed a 500-mile walk from Miami to Tallahassee to raise awareness of the issue, was molested by her nanny as a child. Along the way, she said, she heard from numerous victims who were never able to confront the perpetrator or obtain justice.

"There is no statute of limitations to a victim's suffering," she said after watching the unanimous votes in the House and Senate.

Dolce watched, too. Even though he had told his painful story numerous times before as he pushed the bill for the past six years, hearing it recounted once more on the Senate floor before the vote brought him to tears.

"I hope it gives others courage to come forward," he said.

John Frank can be reached at jfrank@sptimes.com.

Copyright © 2023 Newspapers.com. All Rights Reserved.


# CRIST SIGNS BILL TO LIFT LIMITS ON SEX CASES FOR VICTIMS 12 TO 16

May 12, 2010    Publication: Palm Beach Post, The (FL)    Page: 2A    Word Count: 520

TALLAHASSEE - Florida no longer has a statute of limitations on sex crimes committed on victims between the ages of 12 and 16. Gov. Charlie Crist signed into law HB 525, ending the three-year statute of limitations that Palm Beach County lawyer Michael Dolce -- raped repeatedly by his Maryland neighbor when he was 7 years old -- has spent six years trying to undo. Studies show that it is often 15 years before victims go public with their accusations. The House and Senate unanimously approved the measure before sending it to Crist, who signed it into law Tuesday without comment. Greenacres Democrat Dave Aronberg sponsored the bill in the Senate.

Dara Kam, Palm Beach Post Capital Bureau

SAINT-JUDE, QUEBEC

Orlando Sentinel
https://orlandosentinel.newspapers.com/image/716855715

The Orlando Sentinel (Orlando, Florida) · Thu, Feb 25, 2021 · Page A20
Downloaded on Dec 12, 2023

**GUEST COLUMNIST**

# Sex-crime survivors deserve to protect their privacy



By Michael Dolce

Sex criminals love the moment they overpower their victims. They breathe it in, feel the rush, relish it. As the Miami Dade Police Department describes sex crimes, they are "ultimately about power, control or domination of the other person." None of that ends when rapists walk away from their victims, withered and stunned. I know. I met Satan. He bound and raped me. I was 7.

For sex-crime survivors, the loss of control over our bodies was disempowering. The invasion burrowed soul-deep. Because most of us knew the perpetrators in advance, trusted them, allowed ourselves to be vulnerable to them, as I did, what we lose most in the aftermath is the ability to trust our own judgment as to who we are safe with or where we are safe.

That loss means we struggle to entrust even the fact of our most intimate loss to anyone, to trust that anyone will even believe us. As the International Association of Chiefs of Police has affirmed, "the two factors with the most significant positive impact on a victim's well-being in the aftermath of a sexual assault are having someone to talk to and being believed." To find faith to speak our truth, we need to know that allowing ourselves to be vulnerable, again, will not be used against us, again. We need to be able to control who gets to know what we have suffered, how it feels, what it means to us.

But Florida law provides inadequate control for survivors over privacy and anonymity. Current law does little more than require the redaction of survivors' names from police reports and certain court records in response to public records requests, meaning that anyone else, including rapists themselves and their friends, employers, and school officials, who learns the information can broadcast it as they wish with impunity. For many survivors, that means having to decide whether seeking help or justice is worth the risk of losing control over privacy and anonymity.

Two Florida legislators, Sen. Lori Berman (D-Boynton Beach) and Rep. Robin Bartleman (D-Weston), have stepped forward to end this insanity by providing comprehensive protection for survivor privacy and anonymity. The Legislature must pass this legislation to empower survivors with specific legal control over their privacy and anonymity.

As survivors struggle with the decision to come forward, we know the rapists want to keep control away from us. They prepare in advance. After their attacks, many threaten to expose us to the world. They know that we fear, understandably, being met with disbelief in the eyes of many and loss of privacy to all.

I have lost track of the number of survivors I have met the past 30 years in support groups and in my law practice, where I now exclusively represent sex crime survivors, whose abusers have made these threats. And I have seen it work far too many times.

But it's no longer just the rapists who do this. In litigation, third-party defendants are challenging sex crime victim anonymity as a litigation tactic to scare off survivors, including in a lawsuit against Florida A&M University for failing to protect a survivor from exposure to her rapists on campus. This university used our tax dollars to attempt, repeatedly, to deprive that rape victim of her anonymity. Meanwhile, its top sex crime prevention official explained that taking away privacy after a survivor makes a report could harm her mental health and safety, and that without the assurance of anonymity, a chilling effect could be placed on the willingness of other survivors to report sexual assaults.

That is why this new legislation from Sen. Berman and Rep. Bartleman is so critical. By requiring that anyone seeking to disclose the identity of sex crime survivors first obtain their written consent to do so, we can better allow for justice under the law.

It is the compassionate thing to do for survivors to support their recovery and empower them to seek justice. It is the right thing to do to encourage sex crime reporting to protect our communities. It is the moral thing to do to deprive sex criminals of one of their most powerful tools. And it will stop our state institutions from ever again grabbing that same heinous tool to use against one of our own.

*Michael Dolce is a survivor of child sex abuse and a partner at Cohen Milstein Sellers & Toll in Palm Beach Gardens, where he leads the firm's national Sexual Abuse, Sex Trafficking, and Domestic Abuse litigation team.*

Copyright © 2023 Newspapers.com. All Rights Reserved.

Powered by Newspapers.com™





# dbr
## DAILY BUSINESS REVIEW

## Victim of sexual abuse awarded $19.2 million after testifying



MELANIE BELL

Plaintiff attorneys Michael Dolce, left, and Don Orlovsky represented a 24-year-old Jupiter woman who said she had been sexually abused from 1987 to 1993 starting when she was 3 years old.

**Case:** Jane Doe v. Timothy Crowe
**Case no:** 2007-CA-008565
**Description:** Intentional torts
**Filing date:** June 1, 2007
**Trial dates:** March 9-11, 2009
**Judge:** Palm Beach Circuit Judge Robin Rosenberg
**Plaintiff attorneys:** Michael Dolce, Slawson Cunningham Whalen & Gaspari, Palm Beach Gardens; Don Orlovsky, Kamen & Orlovsky, West Palm Beach.
**Defense attorney:** No attorney at trial.
**Jury decision:** $19.2 million
**Details:** A 24-year-old Jupiter woman alleged she was sexually abused by the defendant from 1987 to 1993 starting when she was 3 years old.

Timothy Crowe was sentenced in 1995 to 17 years in state prison after pleading guilty to attempted sexual battery of a victim under 12 in her case.

He spent seven years in prison before he was released on parole in 2002 and now is a registered sex offender on probation living in Miami Beach.

The judge issued a default judgment on liability, leaving it to the jury to determine damages.
**Plaintiff case:** Dolce and Orlovsky argued their client's abuse will haunt her for the rest of her life. "My client testified on her own behalf. It was extremely courageous on her part since it's the first time she had testified what happened to her," Dolce said. "What it reflects unfortunately is that a lot of child sex-abuse victims develop a complex of feeling guilty for what happened. And so admitting what happened in a public forum is a way of admitting undeserved guilt."

Dolce said her testimony was the most powerful element of his case. "The jury recognized this will have a lifelong impact on her, and the jury reflected that in the verdict," he said.
**Defense case:** Crowe, 67, did not attend the trial. Miami attorney Harry Tempkins of Tempkins Law Group of Miami did not represent the defendant at trial, but did make appearances on Crowe's behalf at depositions, according to Orlovsky and Dolce.
**Outcome:** The jury deliberated for 2½ hours before awarding the plaintiff $17.6 million for past and future mental anguish and $1.6 million for medical expenses.
**Comments:** "My client has always said she was hoping this case would inspire other abuse survivors to reclaim their voices," Dolce said. "It does take an act of courage to confront the perpetrator this way."

Orlovsky said: "It's the most incomprehensible set of facts I've ever encountered. It just shows how deep human depravity can become."
**Post-verdict:** It remains to be seen whether the award is collectible. Orlovsky said he thinks Crowe is earning income from a trust. "We're going to proceed as though it's fully collectible," he said. No post-trial motions have been filed.

— Billy Shields

*Featured In:* The Daily Business Review
March 19, 2009

# THE BEST LAWYERS IN AMERICA

This is to certify that

## Michael Dolce

has been selected by his peers

to be included in

*The Best Lawyers in America*

2019